# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 24-1928V

|  |  |
|---|---|
| YEJI KIM,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 8, 2026 |

*Alison Haskins, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On November 21, 2024, Yeji Kim filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza ("flu") vaccine received on December 29, 2023. Petition at 1-9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Initially, Respondent asserted that Petitioner had not established that her pain began within 48 hours of vaccination (ECF No. 21 at *4-7). Thereafter, I reviewed the record and issued a fact ruling finding that Petitioner's shoulder pain likely began within

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

48 hours of vaccination (ECF No. 23). On May 6, 2026, Respondent filed an amended Rule 4(c) report. Respondent's Amended Rule 4(c) Report (ECF No. 27). Respondent reserves his right to a potential appeal, but states that he will not continue to defend this case during further proceedings in the Office of Special Masters. *Id*. at *1. Specifically, Respondent states that in light of my fact ruling and the medical record evidence submitted in this case, he has concluded that Petitioner suffered SIRVA as defined by the Vaccine Injury Table in that "petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination; shoulder pain occurred within forty-eight hours after receipt of an intramuscular flu vaccination; shoulder pain and reduced ROM were limited to the side in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain." *Id*. at *4. Respondent further agrees that the record demonstrates that Petitioner suffered the residual effects of her condition for more than six months, and has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id*. at *4-5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master